UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LEXUS WARD, <br>     Plaintiff, <br><br> v. <br><br> CAPSTONE LOGISITICS, LLC, <br> UNITED NATURAL FOODS, INC,. and <br> PHILLIP SCHWING, <br>     Defendants. | Case No.:  2:24-cv-02142 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
PHILLIP SCHWING'S 12(b)(6) MOTION TO DISMISS
COUNTS XII, XIII, AND XIV OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Phillip Schwing, by his counsel, James. A. Martinkus, of Erwin Martinkus & Cole, Ltd., states the following for its Memorandum in Support of its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Counts XII, XIII, and XIV of Plaintiff's First Amended Complaint:

### INTRODUCTION

The Plaintiff, Lexus Ward, (hereinafter "Lexus") brings her XIV count claim against the Defendants, Capstone Logistics, LLC, United Natural Foods, Inc., and Phillip Schwing pursuant to Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C., Section 2000 *et. seq.* ("Title VII") the Illinois Human Rights Act, 775 ILCS 5 *et. seq.* ("IHRA"), the Illinois Gender Violence Act,  and Illinois state law. Only Counts XII, XIII, and XIV  of Lexus' claim are against defendant, Phillip. The underlying facts giving rise to Counts XII, XIII, and XIV of the claim as pled by the plaintiff form an

independent basis upon which defendant, Phillip Schwing, (hereinafter "Phillip") moves for failure to state a claim upon which relief can be granted.

Count XII against defendant Phillip claims that he violated the Illinois Gender Violence Act (hereafter "IGVA"), 740 ILCS 82/1 *et. seq.*

In support of her claim that defendant Phillip violated the IGVA she pleads the following in paragraph 108 through 115 of her Complaint:

108. At all times relevant hereto, there was in full force and effect the Illinois Gender Violence Act, 740 ILCS 82/1 *et. seq.* Section 10 of the Act, 740 ILCS 82/10, provides as follows:

> "Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this Section, "perpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence."

740 Ill. Comp. Stat. Ann. 82/10

109. Within the IGVA, "gender-related violence" constitutes the following:

> (1) One or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction.
> (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois, whether or not the act or acts resulted in criminal charges, prosecution, of conviction.
> (3) A threat of an act described in item (1) or (2) causing a realistic apprehension that the originator of the threat will commit the act. 740 Ill. Comp. Stat. Ann. 82/5. (2022)

110. The Illinois Gender Violence Act provides a cause of action for one or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex. 740 ILCS 82/5 (1) and (2).

111. As stated within the First Amended Complaint, Defendant Schwing exposed his penis to Plaintiff within inches of her face on several occasions, resulting in a realistic apprehension that Defendant, Phillip Schwing, would commit either physical intrusion or physical invasion of a sexual nature.

112. Defendant Schwing's conduct constituted a threat of an act as described in 740 ILCS 82/5, which caused a realistic apprehension that the originator of the threat will commit the act, and this constituted gender related violence as defined by Section 5 of the IGVA, 740 ILCS 82/5.

113. At all times relevant hereto, Defendant Schwing owed a duty of reasonable care to refrain from activity which carried with it a foreseeable and unreasonable risk of causing emotional or mental harm to Plaintiff.

114. In violation of his duty, Defendant Schwing intentionally and with reckless disregard for Plaintiff's well-being, exposed himself to Plaintiff because of her gender, in an effort to take advantage of their working relationship.

> 115. As a direct and proximate result of Defendant Schwing's intentional and outrageous actions, Plaintiff has suffered, and will continue to suffer, personal and psychological injuries.

This is Lexus' basis to claim that defendant, Phillip, violated the IGVA. As set forth in the Argument section below, Phillip did not violate the IGVA.

Count XIII against defendant Phillip claims that he intentionally inflicted emotional distress on plaintiff, Lexus.

In support of her claim that defendant Phillip inflicted emotional distress she pleads the following in paragraphs 118 through 122 of her Complaint:

> 118. That at all times relevant hereto, Defendant Schwing knowingly committed sexual violence and sexual harassment against Plaintiff.
>
> 119. Defendant Schwing's actions set forth above were extreme, outrageous, and rooted in an abuse of power or authority.
>
> 120. The actions of Defendant Schwing as set forth above, were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.
>
> 121. Under the circumstances aforesaid, the actions of Defendant Schwing were undertaken with malice, willfulness, and reckless indifference to the rights of others.

> 122. As a direct and proximate result of this misconduct, Plaintiff has suffered severe emotional distress, humiliation, emotional distress, anxiety, economic harm, and other consequential damages.

This is Lexus' basis to claim that defendant, Phillip, inflicted emotional distress. As set forth in the Argument section below, Phillip did not inflict emotional distress on Lexus sufficient to state a cause of action against Phillip.

Count XIV against defendant Phillip claims that he assaulted plaintiff, Lexus.

In support of her claim that defendant Phillip assaulted her, she pleads the following in paragraphs 125 through 129 of her Complaint:

> 125. That at all times relevant hereto, Defendant Schwing knowingly committed sexual violence and sexual harassment against Plaintiff by exposing his penis to Plaintiff on numerous instances while she was employed.
>
> 126. Defendant Schwing's action intended to cause apprehensive of harmful or offensive conduct against Plaintiff and did in fact cause Plaintiff to feal [sic] imminent harmful or offensive contact.
>
> 127. Plaintiff did not consent to Defendant Schwing's conduct.
>
> 128. Plaintiff's reaction to Defendant's extreme and outrageous conduct was that of a reasonable person.
>
> 129. Plaintiff was harmed by Defendant Schwing's conduct, and Defendant Schwing's conduct was a substantial factor in causing that harm.

This is Lexus' basis to claim that defendant, Phillip, assaulted her. As set forth in the Argument section below, Phillip did not assault Lexus.

## ARGUMENT

Standard

The Federal Courts have identified the standard for this Court to use in evaluating a 12(b)(6) motion to dismiss:

> A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief can be granted." Hallinan v Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). In ruling on a motion to dismiss, the Court construes the complaint "in the light most favorable to the nonmoving party, accept[ing] well-pleaded facts as true, and draw[ing] all inferences in [their] favor." Reger Dev., LLC v. Nat'l City Bank, 592 F.2d 759, 763 (7th Cir. 2010).

*Clanton v. VCNA Prairie, Inc.*, 934 F. Supp.2d 951, 952, 2013 WL 252118 (N.D. Ill. 2013).


**I. Count XII – Violation of Illinois Gender Violence Act**

Section 82/5 of the Illinois Gender Violence Act, 740 ILCS 82 *et. seq.*, in relevant part, defines gender-related violence as follows:

> "Gender-related violence", which is a form of sex discrimination, means the following:
>
> (1) One or more acts of *violence or physical aggression satisfying the elements of battery under the laws of Illinois* that are committed, at least in part, on

the basis of a person's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction.

(2) A physical intrusion or physical invasion of a sexual nature under coercive conditions *satisfying the elements of battery under the laws of Illinois*, whether or not the act or acts resulted in criminal charges, prosecution, or conviction.

(2.5) Domestic Violence, as defined in the Victims' Economic Security and Safety Act.

(3) A *threat* of an act described in item (1), (2), or (2.5) causing a *realistic apprehension* that the originator of the threat will commit the act.

740 ILCS 82/5 (2024) (emphasis added)

Accordingly, the first requirement under subsection (1) is an act of violence or physical aggression. Because there is no allegation of such conduct there is no need to analyze whether such conduct satisfies the elements of battery under Illinois law.

Nonetheless, pursuant to the Illinois Criminal Code:

(a) A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) *makes physical contact* of an insulting or provoking nature with an individual.

720 ILCS 5/12-3 (emphasis added)

The court in *In re J.A.,* 336 Ill. App.3d 814, 784 N.E.2d. 373, 271 Ill.Dec. 155 (2003) defined bodily injury as it relates to simple battery:

> Although it may be difficult to pinpoint exactly what constitutes bodily harm for the purposes of the statute, some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent are required.

In *Sanders v. Splittorff,* 2023 WL 4706191 the United States District Court, Southern District of Illinois went on to define the elements of a claim for civil battery:

> The elements of a claim for civil battery are: (1) an intentional act on the part of the defendant, (2) resulting in offensive *contact with the plaintiff's person*, and (3) lack of consent to the defendant's conduct.

2023 WL 4706191 (emphasis added)

First District Appellate Court clarified all of the necessary elements of battery under Illinois law:

> Generally, battery is committed by an individual if: " '(a) he acts intending to cause a harmful or offensive *contact* with the person of the other or a third person, or an imminent apprehension of such a *contact*, and (b) a harmful *contact* with the person of the other directly or indirectly results.' " Bakes v. St. Alexius Medical Center, 2011 IL App (1st) 101646, ¶ 22, 352 Ill.Dec. 902, 955 N.E.2d 78 (quoting Restatement (Second) of Torts § 13

(1965)). Illinois courts have stated that battery may be defined as the willful *touching* of the person of another or a successful attempt to commit violence on the person of another. Bakes, 2011 IL App (1st) 101646, ¶ 22, 352 Ill.Dec. 902, 955 N.E.2d 78 (and cases cited therein). We have also defined battery as involving defendant performing some affirmative act intended to cause an unpermitted *contact.* Id. " '[T]he gist of the action for battery is not the hostile intent of the defendant, but rather the absence of consent to the *contact* on the part of the plaintiff.' "

*Flores v. Santiago,* 2013 IL App (1st) 122454 (2013) ¶, 986 N.E.2d 1216, 1119, 369 Ill. Dec. 580, 583 (emphasis added)

It is clear that the IGVA requires that the elements of battery under Illinois law must have been committed. One of the main elements of battery in Illinois, in both criminal and civil, is that there must be physical contact between the parties. Plaintiff, Lexus, does not allege anywhere in her complaint that defendant, Phillip, had any physical contact with her.

Further, Lexus does not allege any bodily harm. She does not indicate that Phillip caused her physical pain or that there was any damage to her body, such as lacerations, bruises, or abrasions, either temporary or permanent as required for battery.

Next, Lexus alleges that the conduct of Phillip constituted a threat and that she had a "realistic apprehension" that Phillip would commit either a physical intrusion or physical invasion of a sexual nature.

Paragraph (3) of the IGVA provides, in part, a threat of an act of battery which caused a realistic apprehension that the originator of the threat will commit the act. This language goes hand in hand with the elements of assault. To sustain a claim for assault, the party needs to prove that there was conduct which would cause reasonable apprehension of receiving a battery. Lexus has failed to allege that there was any actions committed by Phillip that would place an individual in reasonable apprehension that he would commit a battery against Lexus. This issue is discussed in more detail under III. Count XIV Assault below.

Lexus alleged that she "has suffered and continues to suffer personal and psychological injuries" because of the actions of Phillip.

In *Berry v. Board of Trustees of University of Illinois,* 2024WL 809092, Berry brought, in part, suit against the Board of Trustees under IGVA. Berry stated in her claim she had been subjected to "psychological gender-based violence" by her supervisor. There had been no physical contact between Berry and her supervisor. The *Berry* court found:

> Berry cites to no authority suggesting that such psychological harms constitute gender violence within the meaning of the IGVA in particular. This Court cannot recognize a cause of action that goes beyond the plain language of the statute, which speaks only of physical violence or threats of a physical nature when defining gender violence. Berry's allegations of psychological harm thus do not state a claim for gender violence as it is defined in the IGVA.

Without the physical contact between Phillip and Lexus, no battery took place under Illinois law. The allegations made by Lexus do not give rise to that of a threat was made by Phillip which would cause realistic apprehension that Phillip would commit battery against Lexus. Lexus' claim has failed to meet the elements of the IGVA. As such, Phillip did not violate the Illinois Gender Violence Act.

**II. Count XIII – Intentional Infliction of Emotional Distress**

Next, Lexus alleges that Phillip caused intentional infliction of emotional distress to her. Plaintiff, Lexus, alleges that defendant Phillip's actions were "rooted in an abuse of power or authority" (Paragraph 119 of Lexus' First Amended Complaint) Pursuant to paragraph 14 of the Complaint, Lexus "was employed by Capstone" and "was promoted to "Lead" around September 19, 2022." Lexus further stated in paragraph 15 that Phillip "was employed by UNFI" and "worked in the same building as Plaintiff and was scheduled during the same shift. To Plaintiff's knowledge and belief, Schwing's job duties often required him to stop by the Capstone office where Plaintiff worked." At no point did the plaintiff allege that defendant Phillip had any power or authority over her. The fact is that Phillip had no authority over Lexus in that they were not employed by the same company.

In a recent case tried by this District, the Appellate Court held in *Sun v. Xu,* 99 F.4th 1007 (2024):

> To prevail on an intentional infliction of emotional distress claim under Illinois law, a claimant must prove three elements: (1) the conduct in

> question was truly extreme and outrageous; (2) the actor intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would have caused such distress; and (3) the conduct in fact caused severe emotional distress.

*Sun v. Xu,* 99 F.4th 1007, 1013 (2024)

The court went on to address the factors concerning whether the conduct is extreme and outrageous:

> The Illinois Supreme Court has identified three non-exclusive factors that inform whether conduct is extreme and outrageous. *McGrath*, 127 Ill.Dec. 724, 533 N.E.2d at 809–10. First, the extreme and outrageous nature of the conduct may arise from defendant's "abuse of some position that gives him authority over the plaintiff or the power to affect the plaintiff's interests." *Schweihs*, 412 Ill.Dec. 882, 77 N.E.3d at 63. Second, courts consider the reasonableness of a defendant's belief that his objective is legitimate. *McGrath*, 127 Ill.Dec. 724, 533 N.E.2d at 811. Third, courts evaluate whether the defendant is aware that the plaintiff is particularly susceptible to emotional distress.

*Sun v. Xu,* 99 F.4th 1007, 1013 (2024)

Further:

> Under Illinois law, emotional distress, as could support a claim for intentional infliction of emotional distress, can include all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea; however, just experiencing these emotions is not enough, and the law only intervenes when the distress inflicted is so severe that no reasonable man could be expected to endure it. Restatement (Second) of Torts § 46. Moreover, in determining the severity of the distress, Illinois courts consider the "intensity and duration" of that distress.
>
> *Sun v. Xu*, 99 F.4th 1007, 1016 (2024)

The claims of Lexus do not rise to the standard required to prove a claim for intentional infliction of emotional distress.

### III. Count XIV – Assault

Finally, Lexus alleges that Philip assaulted her. Pursuant to 720 ILCS 5/12-1 (a):

A person commits an assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery.

In *People v. Vanhoose*, 2020 IL App (5th) 170247 (2020), 159 N.E.3d 518, 442 Ill.Dec. 339 the Court went on to further explain, "[A]ssault whether civil or criminal has involved (1) a threatening gesture, or an otherwise innocent gesture made threatening

by the accompanying words, that (2) creates a reasonable apprehension of imminent battery." The *Vanhoose* court continued "In Illinois, we have held that words alone are not usually enough to constitute an assault. Some action or condition must accompany those words before there is a violation of the statute. Moreover, reviewing courts have held that a victim's apprehension must be of an immediate or imminent battery, not of an indeterminate future harm."

Illinois courts have laid out various conduct, conditions, or gestures that may be considered assault. Some examples are (1) the person having their hand on a gun while stating there is nothing left to do except shoot you; (2) threatening to bust the victim's brains out while wielding a tire iron; (3) an individual threatening to blow someone's head off while opening a trunk to retrieve what the victim believes is a gun; (4) approaching the victim, expressing angry words toward the victim, and then striking the victim's bicycle while the victim is straddling it; (5) the individual cursed and yelled in the victim's face and then gets into a vehicle and drives into the victim, gets out of the vehicle, gets withing striking distance of the victim and says that he is going to kick the victim's a\*\*; (6) an individual drove his car within a few feet of the victim who was in a wheelchair, shouted at her, got out of his car and threatened to beat her head in.

In *People v. Floyd*, 278 Ill.App.3d 568, 663 N.E.2d 74, 215 Ill.Dec. 324 Floyd had been charged with assault. The victim, Adams, was standing outside her doctor's office listening to her "Walkman" when she noticed Floyd riding his bicycle kitty corner from

her. He began to stare at her. After staring at her for a few minutes, he crossed the street on his bicycle and stopped next to her. He then told to her to "come here". Adams then ran into the street screaming for help. Adams stated she was petrified and believed that Floyd wished to do her bodily harm.

The *Floyd* court held that "we do not believe that the words used by the defendant, even coupled with the fact that he rode his bicycle toward her, rises to the level of assault or that the degree of her apprehension was reasonable. Therefore, we find that the evidence of assault was so unreasonable or unsatisfactory as to create a reasonable doubt of defendant's guilt." *People v. Floyd,* 278 Ill.App.3d 568, 571, 663 N.E.2d 74, 76, 215 Ill.Dec. 324, 326

In *Redwitz v. Kankakee County* 2020 WL 12815175, a case which was tried before the Honorable Colin C. Bruce of this District, Redwitz brought suit and alleged that she was assaulted and there was a violation of the IGVA by DeLong. Redwitz alleged that on the date of the incident giving rise to her claims, DeLong stood in her office doorway yelled at her while moving his arms at his side with clenched fists. He did not make any threatening gestures, did not threaten Redwitz verbally, did not charge at her, did not raise his hand at her, did not carry a weapon, or have a previous history of stalking or threatening Redwitz. Although DeLong and Redwitz were no more than arm's length apart, he never made a move or took a step towards her. Redwitz stated that she feared for her safety and that she was going to be hit.

Honorable Colin C. Bruce found that "a victim's fear cannot transform a remote threat into an assault, particularly when, as here, there is not even a remote threat." Further, "Here, again, Plaintiff was never threatened by DeLong. The allegations do not rise to the level of the examples described as constituting assault by the court in *Floyd*." And finally, "Plaintiff has provided no evidence for assault. . ." *Redwitz v. Kankakee County* 2020 WL 12815175 ¶26, 27

In the case at bar, Lexus alleges that Phillip exposed himself to her within inches of her face. There were no words spoken by Philip. No threatening movements, gestures, or actions by Phillip. The actions of Phillip do not constitute an assault.

In addition, the *Redwitz* court held with regard to the IGVA that:

The applicable provision would be subsection (3), wherein Plaintiff had a "realistic apprehension" that DeLong would commit, under subsection (1), a battery, "committed, at least in part, on the basis" of Plaintiff's gender. For the reasons stated above with regard to Plaintiff's common law assault claim, Plaintiff's Gender Violence Act-based assault claim must also fail.

The claims of Lexus do not rise to the standard required to prove a claim for assault.

## CONCLUSION

Wherefore, for all the reasons stated above, Count XII, Count XIII, and Count XIV of Plaintiff's First Amended Complaint fail to state a claim against the Defendant, Phillip, and this Court should grant Phillips's 12(b)(6) Motion to Dismiss First Amended Complaint, for costs, and for all other just and equitable relief.

By: /s/**James A. Martinkus**
James A. Martinkus
Bar Number: 21116 IL
Attorney for Defendant Phillip Schwing
Erwin, Martinkus & Cole, Ltd.
411 West University Avenue
P.O. Box 1098
Champaign, IL  61824-1098
(217) 351-4040
FAX 217-351-4314
jim.martinkus@erwinlaw.com

CERTIFICATE OF COMPLIANCE WITH DISTRICT RULE 7.1.(B)(4)(b)

This document complies with the word limit of Rule 7.1.(B)(4)(b) of the United District Court for the Central District of Illinois because, this memorandum contains 3913 words.

BY: s/James A. Martinkus

CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and are registered as CM/ECF participants in this matter, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None

BY: s/**James A. Martinkus**
James A. Martinkus
Bar Number: 21116 IL
Attorney for Defendant Phillip Schwing.
Erwin, Martinkus & Cole, Ltd.
411 West University Avenue
P.O. Box 1098
Champaign IL  61824-1098
(217) 351-4040
FAX 217-351-4314
jim.martinkus@erwinlaw.com